UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:12-cr-00028-GFVT-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| EUGENE SLONE, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Eugene Slone's Motion for Reduction in Sentence and for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 904.] For the reasons that follow, Mr. Slone's motion is **DENIED**.

**I**

On May 19, 2015, Judge Thapar sentenced Mr. Slone to 300 months of imprisonment and a life term of supervised release. [R. 715 (amended for clerical error at R. 718).] Mr. Slone had pled guilty to one count of conspiracy to distribute a quantity of pills containing oxycodone in violation of 21 U.S.C. § 846 and two counts of killing in retaliation against individuals for providing information to a law enforcement officer relating to the commission of a federal offense in violation of 18 U.S.C. §1513(a)(1)(B). *Id.* at 1. He now moves for compassionate release, arguing that his health conditions and the Covid-19 pandemic warrant release. [R. 904.] His motion includes a three-page motion drafted by counsel and a three-page letter written by Mr. Slone. [*Id.*; R. 904-1.] Because both present arguments in favor of compassionate release, the Court will consider them collectively.

## II

### A

First, the Court addresses the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Under the First Step Act, a prisoner must first seek compassionate release through the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for such a reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194. But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

The Government recognizes that Mr. Slone exhausted his administrative remedies. [R. 909 at 1 n.1.] BOP records confirm as such. [*See* R. 909-1.] Accordingly, the Court will proceed to the merits of Mr. Slone's motion.

### 2

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). At the court's discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction

in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable § 3553(a) factors support release. *Id.* However, if a prisoner files a motion for compassionate release, as opposed to a motion brought by the Director of the Bureau of Prisons, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry." *Id.* at 1111; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[Section] 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates"); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021) (finding evaluation of the § 1B1.13 policy statement is "no longer a requirement courts must address in ruling on defendant-filed motions"). This means that in motions for compassionate release brought by prisoners, the court can skip straight to analyzing the applicable § 3553(a) factors once it finds extraordinary and compelling reasons meriting a sentence reduction.

a

First, district courts have wide latitude in determining whether extraordinary and compelling reasons exist to merit a sentence reduction. *See Jones*, 980 F.3d at 1109 ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion."). Mr. Slone alleges that various medical conditions and the Covid-19 pandemic constitute extraordinary and compelling reasons for release. [R. 904 at 2; R. 904-1.] They do not.

Mr. Slone states that he suffers from vision loss, heart attack, hypertension, high blood pressure, high cholesterol, diabetes, heart issues, respiratory issues, and heart stints. [R. 904 at

3

2.] These types of injuries, while serious, are not the kinds of injuries that constitute extraordinary and compelling circumstances justifying release, particularly given that Mr. Slone has not shown that the BOP is not managing his conditions. *See, e.g.*, *United States v. Phillips*, No. 12-20372, 2020 WL 3071849, at * 4 (E.D. Mich. June 10, 2020) (managed diabetes and hypertension do not establish extraordinary and compelling reasons for release); *United States v. Bolze*, 460 F. Supp. 3d 697, 708-09 (E.D. Tenn. 2020) (history of heart attacks, hypertension and high cholesterol does not establish extraordinary and compelling reasons for release). He alleges that the BOP is not providing adequate treatment for his vision loss. [R. 904-1 at 1.] However, his medical records show that he is seeing specialists for this issue. [*See* R. 908 at 79.]

Second, Mr. Slone cites the Covid-19 pandemic, alleging that his facility is not following proper procedures. [R. 904-1 at 2.] But he has received three doses of the Covid-19 vaccine. [R. 908 at 1.] This fact strongly weighs against a finding of extraordinary and compelling circumstances based on concerns regarding Covid-19. *See United States v. Lemons*, 15 F. 4th 747, 751 (6th Cir. 2021) (finding access to Covid-19 vaccine "substantially undermines" a request for compassionate release); *United States v. Traylor*, 16 F. 4th 485, 487 (6th Cir. 2021) (finding a lack of extraordinary and compelling circumstances notwithstanding the "serious nature of [defendant's] medical conditions" because defendant had "received both doses of the Pfizer vaccine"). Accordingly, Mr. Slone's health concerns in combination with the Covid-19 pandemic do not constitute extraordinary and compelling circumstances justifying release.

**b**

Even if Mr. Slone had satisfied the extraordinary and compelling circumstances factor, his motion would still fail because the applicable § 3553(a) factors do not weigh in favor of

release. "[D]istrict courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *Ruffin*, 978 F.3d at 1008.

Mr. Slone presents only a conclusory allegation that his request satisfies the § 3553(a) factors. [R. 904 at 3 ("The Defendant states that his request is consistent with the factors contained at 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a).").] He provides no further argument. This effectively waives the issue because "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Brown*, 819 F.3d 800, 829 (6th Cir. 2016) (quoting *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004)).

Nevertheless, the § 3553(a) factors do not justify release. The most compelling factor is the nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1). Some of the conduct to which Mr. Slone admitted in his plea includes that:

> the Defendant conspired and agreed with others to kill Davey Sparkman and Keisha Sexton in retaliation for their believed cooperation with law enforcement. Specifically, the Defendant provided cash to another member of the conspiracy as payment to kill Sparkman and Sexton. On July 19, 2012, the Defendant contacted Sparkman and Sexton and directed them to an abandoned mine site in Knott County, Kentucky, for a meeting. The Defendant did so with the specific knowledge that members of the conspiracy would be waiting to kill them upon their arrival. When Sparkman and Sexton arrived, they were shot to death and the vehicle they were riding in was set on fire.

[R. 635 at 3.] Mr. Slone successfully orchestrated a plot resulting in the murder of two individuals in retaliation for suspected cooperation. *Id.* This is a grave offense which warrants a serious punishment. Mr. Slone has served less than half of his three-hundred-month sentence. [*See* R. 718; R. 909 at 5.] That time is insufficient to "promote respect for the law, provide just punishment, be an adequate deterrent, and avoid unwarranted sentencing disparities." *United States v. Araña*, No. 2:95-cr-80272-LJM-13, 2020 WL 2214232, at *4 (E.D. Mich. May 7, 2020)

5

(denying compassionate release to defendant who had served 24 years of life sentence because it involved "the ultimate violence – the taking of a human life"); *see also United States v. Gaines*, No. 5:96-cr-24-TBR-1, 2021 WL 6050868, at *4 (W.D. Ky. Dec. 21, 2021) (defendant involved in a murder not entitled to compassionate release because release "would minimize the seriousness of his crimes, fail to afford adequate deterrence to criminal conduct, and would be unjust in light of the serious nature of his crimes").  The § 3553(a) factors weigh strongly against release.

### III

Mr. Slone fails to demonstrate extraordinary and compelling circumstances justifying release or satisfy the § 3553(a) factors, so his motion will be denied.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Slone's Motion for Sentence Reduction and Compassionate Release **[R. 904]** is **DENIED**; and,

2. The United States' Sealed Motion for Leave to Seal a Document **[R. 907]** is **GRANTED**.

This the 2nd day of May, 2023.

Gregory F. Van Tatenhove
United States District Judge