UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:12-cr-00028-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| EUGENE SLONE, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Defendant Eugene Slone's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 934.] For the reasons that follow, Mr. Slone's Motion is **DENIED**.

**I**

On May 19, 2015, Judge Thapar sentenced Mr. Slone to 300 months of imprisonment and a life term of supervised release. [R. 715 (amended for clerical error at R. 718).] Mr. Slone had pled guilty to one count of conspiracy to distribute a quantity of pills containing oxycodone in violation of 21 U.S.C. § 846 and two counts of killing in retaliation against individuals for providing information to a law enforcement officer relating to the commission of a federal offense in violation of 18 U.S.C. §1513(a)(1)(B). *Id.* at 1. Eugene Slone has previously filed a motion for compassionate release based on health concerns on November 10, 2022. [R. 904.] This Court denied Mr. Slone's motion, finding that the Defendant failed "to demonstrate extraordinary and compelling circumstances justifying release." [R. 917 at 6.] Mr. Slone appealed and the Sixth Circuit affirmed this Court's decision. [R. 930.] Mr. Slone again raises

the same argument previously rejected by both this Court and the Sixth Circuit. In addition, Mr. Slone argues that he must be released to take care of his elderly mother. [R. 934 at 3.]

## II

### A

First, the Court addresses the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for a sentence reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194. But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("[D]efendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

The Government recognizes that Slone exhausted his administrative remedies. [R. 940 at 2.] Slone submitted a request for Compassionate Release/Reduction in Sentence to the Warden on September 4, 2024. *Id.* The Government "learned that a response to Slone's request was never formulated." *Id.* The matter is now ripe for review.

### B

#### 1

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). At the Court's discretion, § 3582 allows for modification of a term of imprisonment if the following substantive

requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable 18 U.S.C. § 3553(a) factors support release. *Id*. at 1107-08.

Slone first argues that he is entitled to early relief because he needs to care for his ailing mother and the harsh conditions enduring during the COVID-19 pandemic. [R. 934 at 3-15.] The Commission's binding policy statement provides that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" is an "extraordinary and compelling circumstance." U.S.S.G. § 1B1.13(b)(3)(C). Slone also included several letters from family members who note their limited ability to care for Mr. Slone's mother. [R. 934-1.] The letters, however, do not indicate that Mr. Slone is the *only* caregiver available to his mother. While the challenges faced by Slone's family are certainly difficult, and they fully have the Court's sympathies, they do not provide extraordinary and compelling reasons to release Slone.

Mr. Slone also argues that he should be released based on his declining health conditions. R. 934 at 8.] Apart from being contradictory to his prior assertion that he can care for his elderly mother, Mr. Slone's argument has already been argued and denied by this Court. [R. 904 at 2.] To date, none of Mr. Slone's ailments rise to the severe level contemplated in § 1B1.13, nor has Mr. Slone provided any evidence suggesting that his conditions are not being properly managed through the BOP. Accordingly, Mr. Slone's health concerns do not rise to the level of extraordinary or compelling as every inmate incarcerated during the pandemic could make a similar argument.

Last, Mr. Slone argues that the "uniquely harsh conditions" he endured during the

3

pandemic while incarcerated rise to the level of extraordinary and compelling.  [R. 934 at 11.]  As grounds, Mr. Slone asserts that he endured "months long lockdowns, up-ended programming, restricted phone and computer use to contact family and loved ones, sub-standard bag meals that consisted of 2 oz of baloney [sic], two slices of processed cheese-like product, and an apple."  *Id.* at 12.  This is not an extraordinary or compelling circumstance.[1]

### 2

Even if Slone could demonstrate that there were extraordinary and compelling reasons for his release, he would also need to show that the 18 U.S.C. § 3553(a) sentencing factors support his release.  *Jones*, 980 F.3d at 1106.  The Court's analysis of these factors does not benefit Slone.  Slone's crimes were serious. As the government succinctly puts it, the "Defendant previously orchestrated the retaliatory murder of two victims based on the mere perception that they had cooperated with law enforcement."  [R. 940 at 8.]  While Slone has been mostly non-violent while incarcerated, this does not fully minimize the seriousness of his offense and the accompanying circumstances.  [R. 934-1 at 100 (noting infraction for fighting with another inmate in 2021).]  In order to provide a just punishment, protect the community, and deter future misconduct Jadhav must remain incarcerated.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Mr. Slone's Motion for Compassionate Release **[R. 934]** is **DENIED**.

---

[1] Mr. Slone argues that his "rehabilitation efforts" should also be considered in his request for a sentence reduction. [R. 934 at 15.]  Even considering Mr. Slone's rehabilitation efforts in conjunction with other considerations, including his need to care for his mother or his health concerns, he still has not shown that "extraordinary and compelling" circumstances exist.

This the 15th day of September, 2025.

Gregory F. Van Tatenhove
United States District Judge